■ In the Matter of JUAN COLON, Appellant, v ROBERT J. McGUIRE, as Police Commissioner of the City of New York, et al., Respondents. — Order and judgment (one paper) entered November 1, 1982 in Supreme Court, New York County (Ira Gammerman, J.), which denied and dismissed this CPLR article 78 petition, is modified, on the law, the petition is granted to the extent of

annulling the penalty of dismissal and the matter is remanded to the police commissioner for a *de novo* determination of the appropriate sanction, all without costs. Petitioner was appointed to the New York City Police Department on September 2, 1980. After attending the Police Academy (where he received an over-all rating of "above standards") he was assigned to routine patrol duties. On his ninth tour of duty, just days after his graduation from the academy, Colon was walking with fellow officer Patricia Samuels when a man, unknown to Colon, approached and spoke to his partner, saying, "I want you to meet a friend of mine." The man then told Colon, "you can keep walking, I just want to talk to her." Petitioner took umbrage at this, responding, "And what if I don't keep walking, what are you going to do?" The man smiled and moved his hands, gesturing with apparently no significance. There was certainly nothing threatening in the man's behavior, and petitioner himself admitted that he "did not feel threatened to the point that I needed my gun out." Nonetheless, Colon grabbed the man by the collar and did take out his service revolver, pointing it at the man's head and saying, "This is what I'll do to you." Happily, Officer Samuels had the good sense to get between the two men and defuse the tension. Once she got Colon to put the gun away, Colon regained control of himself and walked across the street. Departmental guidelines forbid an officer from drawing his weapon unless his or another's life is in danger. Clearly there is no question that petitioner overreacted, and the commissioner's finding Colon to have "engag[ed] in conduct prejudicial to good order, efficiency or discipline" was supported by substantial evidence. We do, however, find it "shocking to our sense of fairness" that the penalty of dismissal was assessed against petitioner. (*Matter of McDermott v Murphy,* 15 AD2d 479, affd 12 NY2d 780.) While certainly the incident was gravely serious, it was neither evidence of turpitude which besots the character of the department by association with the man, nor is it at all in harmony with the past of petitioner. (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 234; *Matter of Alfieri v Murphy,* 38 NY2d 976; compare *Matter of Ford v Civil Serv. Employees Assn.,* 94 AD2d 262.) We note that petitioner, who is married with two children, had enormous respect in his community, with numerous letters submitted attesting to his good and honest character. Colon served over three years in the military, with 20 months of that in Vietnam, where he became fully proficient in the use of many types of firearms. There has never been any previous negative incident, of any kind, regarding Colon's handling of weapons or himself. His performance in the Police Academy was exemplary. In sum, we find the standard enunciated in *Pell* to have been met: "a result is shocking to one's sense of fairness if the sanction imposed is so grave in its impact on the individual subjected to it that it is disproportionate to the misconduct" (34 NY2d, at p 234). The stigma has already prevented him from getting other jobs, both in the public and private sector. The effect of all of this on his family life cannot be anything but severe. This isolated error of judgment hardly merits the extreme sanction of dismissal, with all of its consequences. Although we agree with Special Term that our task is to determine whether the imposition of the sanction was arbitrary or capricious, not whether dismissal is equivalent to sanctions imposed in similar cases, we do urge the commissioner to look at like situations as guide to what a reasoned and reasonable response to petitioner's misconduct might be. In remanding this matter for consideration anew we but express our opinion that the many and various manifestations of petitioner's good character, coupled with the memory of the instant proceedings, make it highly unlikely that this incident will ever be repeated. Concur — Kupferman, J. P., Carro, Bloom and Lynch, JJ.

Sandler, J., dissents and would affirm for the reasons stated by Gammerman, J.